**WO**                                                                                                   RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Terry Lee Lacy, | ) | No. CV-05-2954-PCT-SMM (VAM) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Darla Elliott, et al., | ) | |
| Defendants. | ) | |

Terry Lee Lacy (Plaintiff), presently confined in the Arizona State Prison Complex in Kingman, Arizona (ASPC-Kingman), filed with the Clerk of the Court on September 26, 2005 a pro se "Class Action" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but he has filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) with his Complaint.

**THREE STRIKES PROVISION 28 U.S.C. § 1915(g)**

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A search of the Court's docket has revealed that Plaintiff has filed twelve (12) other lawsuits in this Court while he has been a prisoner. At least three (3) of his prior actions in this Court were dismissed for failure to state a claim. See Lacy v. Arpaio, CV-97-1720-PHX-SMM (VAM) (order of dismissal filed June 5, 1998); Lacy v. Gray, CV-97-1773-PHX-SMM (VAM) (order of dismissal filed July 1, 1998); and Lacy v. Arpaio, CV-97-1832-PHX-SMM (VAM) (order of dismissal filed June 5, 1998). Therefore, Plaintiff may not bring any civil action without complete prepayment of the two hundred and fifty dollar ($250.00) filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**NO IMMINENT DANGER OF SERIOUS PHYSICAL INJURY ALLEGATION**

In his Complaint, Plaintiff alleges that Defendants have violated his and other prisoners' due process and equal protection rights under the Fourteenth Amendment by punishing an entire unit at ASPC-Kingman because inmates in one (1) building refused to work, by not responding to informal attempts to resolve grievances, by not responding to filed grievances, by intercepting grievance appeals, by forcing prisoners to work without pay, and by forcing prisoners to share a very small, inadequate legal resource library. (Complaint at 3-4). Plaintiff does not allege in the Complaint that he is in imminent danger of serious physical injury, and the facts as presented by Plaintiff would not support such an allegation. Accordingly, Plaintiff is not entitled to proceed in forma pauperis, and his Complaint and this action must be dismissed without prejudice for failure to pre-pay the two hundred and fifty dollar ($250.00) filing fee. If Plaintiff wishes to reassert these claims in the future, he must pre-pay the entire two hundred and fifty dollar ($250.00) filing fee when he files his new action.

**IT IS THEREFORE ORDERED**:

(1) That Plaintiff's "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" filed with the Complaint is DENIED;

(2) That the "Class Action" (Doc. No. 1) (Complaint) pursuant to 42 U.S.C. § 1983 and this action are DISMISSED pursuant to 28 U.S.C. § 1915(g) WITHOUT PREJUDICE to

1 Plaintiff filing a complaint in a new case accompanied by the full two hundred and fifty
2 dollar ($250.00) filing fee;
3   (3)  That the Clerk of the Court is DIRECTED to ENTER JUDGMENT accordingly and
4 to CLOSE this file.

6        DATED this 21st day of October, 2005.

_____
Stephen M. McNamee
Chief United States District Judge